IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 2000 Session

## WALTER E. EVERETTE, ET AL. v. HUBERT G. BERRY, ET AL.

Direct Appeal from the Chancery Court for Knox County
No. 129587-2   Daryl L. Fansler, Chancellor

 filed September 27, 2000 

No. E2000-00461-COA-R3-CV

---

In this dispute over real estate, the Plaintiffs seek to have a quit claim deed conveying certain property to the Defendants declared spurious, as well as injunctive relief relative to rights-of-way adjacent to their property.  The Chancellor granted the relief the Plaintiffs sought, resulting in this appeal.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is affirmed

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL Swiney, JJ., joined.

Kenneth S. Christiansen, Knoxville, Tennessee, for the appellants, Hubert G. Berry and wife, Bonnie D. Berry

George W. Morton, Knoxville, Tennessee, for the appellees, Walter E. Everette and wife, Barbara A. Everette

## OPINION

In this property dispute, Walter E. Everette and wife Barbara A. Everette sue Hubert G. Berry and wife Bonnie D. Berry, seeking to have a certain quit claim deed made to the Berrys declared to be spurious and to enjoin them from interfering with the Everettes' use of two rights-of-way adjoining their property.  Their complaint also sought damages; however, the Chancellor found against the Berrys as to this claim, finding no damages had been proved.  This finding is not appealed.

After an evidentiary hearing the Chancellor sustained the Everettes' position as to the spurious deed and the easements, resulting in this appeal wherein the Berrys raise the following issues:

ISSUE NO. I

DID THE TRIAL COURT ERR BY NOT EXCLUDING THE TESTIMONY/STATEMENTS OF MR. WALTER EVERETTE REGARDING STATEMENTS MADE BY SAM EUBANKS, NOW DECEASED, AS THEY RELATED TO THE TRANSACTION AND PURCHASE OF THE TRIANGULAR SECTION OF PROPERTY BEING DESCRIBED IN THAT CERTAIN DEED PLACED IN EVIDENCE AS TrEx4?

ISSUE NO. II

DID THE TRIAL COURT ERR IN EXCLUDING THE TESTIMONY OF MS. YARNELL AS IT RELATED TO THE PRIOR USE, ACCESS AND POSSESSION OF THE DEFENDANTS PROPERTY?

ISSUE NO. III

DID THE TRIAL COURT ERR BY FINDING THAT THE PLAINTIFFS HAD ACQUIRED AN EASEMENT BY PRESCRIPTION REGARDING THE FIFTY (50) FOOT AREA BEGINNING AT THE END OF THE FIFTY (50) FOOT BY ONE HUNDRED AND SIXTY FOOT (160) AREA AND EXTENDING NORTH SOME TWO HUNDRED EIGHTEEN (218) FEET TO THE BACK OF DEFENDANTS' PROPERTY LINE?

ISSUE NO. IV

DID THE TRIAL COURT ERR IN FINDING THAT THE PLAINTIFFS HAD STANDING TO CONTEST THE VALIDITY OF THE DEFENDANTS QUIT CLAIM DEED AND/OR IN THE ALTERNATIVE DID THE TRIAL COURT ERR BY FINDING THAT THE PLAINTIFFS HAD ACQUIRED AN EASEMENT BY PRESCRIPTION TO THE ENTIRE FIFTY (50) FOOT BY ONE HUNDRED SIXTY (160) FOOT AREA?

Rule 13 of the Tenn. R. App. P. mandates that in non-jury cases our review of findings of fact by the trial court shall be *de novo* upon the record, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise.

In the case at bar we are somewhat handicapped because, except for the deposition of Bryan Warren, we do not have a transcript of the testimony below, but rather a narrative statement of the evidence by the Berrys as supplemented by the Everettes.

The Chancellor's amended memorandum opinion accurately states the facts necessary for disposition of this case:

At issue in this case is the ownership and/or right to the use of a driveway situated between the residences of the plaintiffs and defendants, as well as a fifty (50) foot wide strip purported to be a right of way continuing from a 50' by 160' driveway or alley north to the end of the parties' property lines. Plaintiffs originally purchased a dwelling and two (2) lots, numbers 27 and 28, from E. A. Brady and wife, Edith Brady, on May 5, 1965. They have resided in the original dwelling, or the replacement dwelling since that time. On September 1, 1972, plaintiffs purchased from May Jeffries Eubanks and husband, Sam P. Eubanks, a triangular section of land immediately to the north and rear of their existing lots and residence.

Defendants' predecessor in title acquired their property by quit claim deed dated September 30, 1957, from Alley Eugene Giffin and Robert H. Giffin. Excluded from that deed was a lot designated as lot #55 as well as all rights of way or easements for roads, streets, alleys, water mains, electric power lines, etc. The deed further referred to a "map on which the tract of line here conveyed is shown" Exhibit #7 clearly shows the 50 foot "alley" between the Brady residence and the property being conveyed to Eubanks. Likewise, it shows the 50 foot "right of way" extending along a proposed street known as Ammons Street to the back line of the Brady and Eubanks property. Likewise, the map has an X indicated through lot #55.

As stated earlier, plaintiffs acquired from Eubanks a portion of the property conveyed by Exhibit #3 in 1972.

Subsequent to their purchase of the property in 1995 defendants obtained a quit claim deed purportedly to Lot #55 and to the alleyway. The undisputed testimony is that the grantor of that quit claim deed did not have any title in the property purportedly conveyed by this deed.

A dispute has now arisen as to whether defendants have the right to exclude the plaintiffs from the use of the driveway situated between their residences and whether defendants are the owner in fee of the purported right of way extending north of the driveway or alley.

Issue one complains that the Court did not exclude a statement made by Sam Eubanks, former owner of the property now owned by the Everettes. The Berrys support this issue by the following statement in their brief:

> Plaintiff, Mr. Walter Everette, testified that he would not purchase the triangular section from the Eubanks unless Mr. Sam Eubanks granted him an easement along the alleged alleyway located on their property and that Mr. Eubanks assured him that this was not necessary in that there already existed such an easement.

The Chancellor overruled the Berrys' objection on the ground that it was a declaration against a pecuniary interest and, pursuant § 804(b)(3), an exception to the hearsay rule. We are persuaded that the Court acted properly in so ruling. Even, however, if inadmissible, we believe absent this evidence--which the Chancellor relied on in his determination--there is another reason, hereinafter set out, which would give the Everettes a right to use the upper tract as a right-of-way.

As to issue two relative to the exclusion of testimony of Mrs. Yarnell, there is no offer of proof in the record so that this Court may determine what her testimony would have been and, consequently, this issue must be found to be without merit.

As to issues three and four, relative to the Trial Court's finding of a prescriptive easement as to both areas in question, we concur in the findings of the Chancellor in the amended memorandum opinion and his conclusions of law. (See Appendix.)

Finally, as to the other point raised in issue four, relative to standing, we think it is axiomatic that parties have a right to contest a quit claim deed to a third party, which could compromise their interest in real estate under statutes granting certain rights after a specific period of time for those holding property under color of title. Clearly, this might very well be the result should the apparently valid deed to the Berrys remain of record without intervention by the Everettes.

Before concluding, we concur in the Chancellor's finding that the failure to record the plat in question and Knox County's failure to accept the platted roads precluded Ammons Street from being a public street. We do point out that the plat was purportedly attached to the deed from Alla Jean Giffen and Robert H. Giffen to May Jeffries Eubanks, the Berrys predecessor in title, and, in fact, according to the deposition of title attorney Bryan Warren, Mr. Berry was conversant with this plat prior to his acquiring the quit claim deed.

We note that the two lots and the triangular tract of land in question were a part of a plat showing distinctly that there is a 50-foot right-of-way along the Everette property designated as Ammons Street. Thus, the Berrys, by accepting the deed with this information, would be chargeable with the knowledge that the rights-of-way shown on the plat, even though the plat was not recorded, are a private right accruing to any lot owner in the subdivision except those who purchase without such knowledge.

The fact that the plat was not of record is of no consequence, as a recording is only constructive notice, where here Mr. Berry had actual notice. This circumstance would be similar to a situation where A conveys to B a tract of land and thereafter A conveys to C the same tract. C records his deed, but B does not. If in fact C had actual knowledge of the transfer to B, recording his deed would not give him priority. In the same vein, the conveyance by quit claim deed of the property to Mr. Berry, who had actual knowledge of the plat and the rights-of-way laid out thereon, does not give him priority irrespective of the recording of the plat.

Finally, we note that in the deed to the Everettes, the description refers to a "map of record in Map Book 4, Page 98, in the Register's Office for Knox County, Tennessee." Both parties, however, concede that no plat of the lots acquired by the Everettes was ever recorded and no mention is made of the reference to the Map Book in the record. For this reason we conclude that it was not a map of the subdivision embracing the Everettes' lots.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary, and collection of costs below. Costs of appeal are adjudged against the Berrys and their surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE